FILED

2020 Oct-29  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **RACHEL DENITA BENFIELD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **5:20-CV-1500-AKK** |
| **MATTHEW WELSH, RONNIE** | ) | |
| **GREY, CRAIG KARNES, AND** | ) | |
| **JEROME MILLER-WHYTE,** | ) | |
| | | |
| **Defendants.** | | |

## MEMORANDUM OPINION

Rachel Denita Benfield, proceeding *pro se*, commenced this action against Matthew Welsh, Ronnie Grey, Craig Karnes, and Jerome Miller White.  Doc. 1.  Allegedly, the defendants collectively subjected her to electronic harassment and, as to Grey only, Benfield alleges that he implanted something in her body and took her hair without consent. *Id.* at 3-4.  Consequently, Benfield asserts constitutional and "natural law[]" claims against the defendants for emotional and psychological damages and requests that the court issue an order mandating "the removal of any technologies designed to affect our minds, emotions, or behavior." *Id.* at 4.  For the reasons stated below, the court finds that it does not have jurisdiction to hear this dispute. [1]

---

[1] Benfield contends that this court has jurisdiction over this dispute because her claims involve constitutional or federal questions.  *See* doc. 1 at 3.  Benfield also checked the box

In conjunction with her lawsuit, Benfield also filed a motion for leave to proceed *in forma pauperis* and appoint counsel.[2]  Doc. 2.  This motion triggers the court's obligation under 28 U.S.C. § 1915 to review Benfield's complaint to ascertain whether it warrants proceeding to the discovery phase.  In that respect, the court must dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  "A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citations omitted).  And because the standard governing dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) applies equally to § 1915(e)(2)(B)(ii), *see Alba v. Montford*, 517 F.3d 1249,

---

indicating that jurisdiction is proper due to the United States being a defendant. *Id.*  However, the United States is not named as a party in the complaint, and it does not appear that Benfield is asserting any claims against the Government.  Moreover, because federal courts are courts of limited jurisdiction and can only hear claims arising under the Constitution or federal statutes, or between citizens of different states – a situation that does not apply here, the court can only hear this dispute if it involves a claim arising under the Constitution or federal laws. *Exon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S.Ct. 2611, 2616-17 (2005).

[2] Benfield's motion for leave to proceed *in forma pauperis* is due to be granted to the extent that she seeks to commence this action without prepayment of fees.  The request for appointment of counsel is due to be denied, however.  "Appointment of counsel in a civil case . . . is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citations omitted).  Indeed, "there is no constitutional or statutory right to effective assistance of counsel on a civil case." *Mekdeci v. Merrell Nat. Labs.*, 711 F.2d 1510, 1522 (11th Cir. 1983) (internal quotations omitted).  Based on the court's review of Benfield's complaint, doc. 1, the factual and legal questions in this case are insufficiently complex to require appointment of counsel.

1252 (11th Cir. 2008), the court must dismiss the complaint if it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Finally, while generally "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), "this leniency does not give a court license to serve as *de facto* counsel for a party . . .  or to rewrite an otherwise deficient pleading in order to sustain an action . . . .," *GJR Investments, Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Iqbal*, 556 U.S. 1937).  In other words, the court cannot disregard the pleading standard because of Benfield's *pro se* status.  *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

A review of the complaint shows that Benfield has failed to state a plausible federal claim for which relief can be granted.  In support of her contention that her claims involve constitutional or federal statutory questions, Benfield cites "Electronic Harassment, [t]o commit bodily injury or threaten to" as the purported federal causes of action.  Doc. 1 at 3.  Liberally construed, it appears Benfield is asserting harassment, theft, and battery claims against the defendants under 42 U.S.C. § 1983.

To state a plausible claim under § 1983, Benfield must allege "(1) a violation of a constitutional right; and (2) that the alleged violation was committed by a person acting under the color of state law or a private individual who conspired with state actors." *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016) (citations omitted). Benfield cannot make this showing because, based on the allegations in her complaint, it seems the defendants are private individuals who acted on their own accord and were not in conspiracy with state actors.  Thus, they are not subject to § 1983.  But, even if the defendants are subject to challenge under § 1983, dismissal is still warranted because Benfield has not plausibly alleged that the defendants violated her constitutional rights.  As Benfield describes it, "Ronnie Grey, without consent implanted and stole my hair strands without permission to threaten and cause bodily injury."[3]  Doc. 1 at 4.  Benfield further alleges that she is "one of thousands" and requests that the court "shut down the fraudulent FISA/ Fusion Center/ Infragard Persecution War machine."  *Id.* at 7.  While they may plead a battery or other tort claim under Alabama law, these allegations fall short of rising to the level of a deprivation of a constitutional right.  Therefore, as currently pleaded, the accusations fail to state a claim on which relief may be granted in this court and are thus due to

---

[3] Benfield pleads no specific facts against the other defendants, *see generally* doc. 1, and indicates in conclusory fashion that they were involved in the alleged nefarious conduct, *id.* at 11-12, 14 (accusing Craig Karns of being "a perpetrator," writing "Perp!" on a photo of a person labeled "John Montgomery," and writing "[t]his is who to sue" beside the name Matthew Welsh).

be dismissed for want of jurisdiction.   The court will issue a separate order contemporaneously with this Memorandum Opinion.

**DONE** the 29th day of October, 2020.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE